UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| CHERYL BURNS, | ) |
| | ) |
|    Plaintiff, | ) |
| | )   No.: 3:08-cv-00190 PS |
|    v. | ) |
| | ) |
| ORTHOTEK INC. EMPLOYEES PENSION | ) |
| PLAN AND TRUST, | ) |
| MATTHEW D. HUTCHESON LLC, | ) |
| MATTHEW D. HUTCHESON, | ) |
| RICHARD BURNS, JR. | ) |
| | ) |
|    Defendants. | ) |

## **MEMORANDUM OPINION AND ORDER**

Cheryl Burns alleges that she is the rightful beneficiary to her late husband's pension and that the named Defendants have wrongfully denied her those benefits and have breached a fiduciary duty to boot. Defendants have moved to dismiss the wrongful denial of benefits claim against all Defendants except for the pension plan itself and to dismiss Plaintiff's breach of fiduciary duty claim against all Defendants. For the reasons that follow, Defendants' motions to dismiss [DE 19, DE 20] are **GRANTED**.

## **I. BACKGROUND**

Plaintiff, Cheryl Burns, is the widow of Richard Burns, Sr. Am. Comp. [DE 14] at ¶ 8. Richard Burns, Sr. was an employee of Orthotek, Inc. from its inception in 1970 until his death in 2004. *Id*. at ¶ 9. During his time with the company, Richard Burns, Sr. participated in Orthotek's "Employees' Pension Plan and Trust" (Plan). *Id*. at ¶ 12. Plaintiff was married to Richard Burns, Sr. from October 6, 1990 until his death on May 11, 2004. *Id*. at ¶ 8. Under the Employee Retirement Income Security Act of 1974 (ERISA) statute, Plaintiff, as his surviving

spouse, is entitled to survivor's benefits from the Plan unless she signed a valid waiver of her rights. *See* 29 U.S.C. § 1056(d). Defendants rejected Ms. Burns' claim for benefits pointing to a waiver of those rights that she purportedly signed. Am. Comp. [DE 14] at ¶ 17. Plaintiff says that she does not remember signing this waiver and that her rights under the Plan, including her ability to waive her rights, were never fully explained to her. *Id.* at ¶ 21. Plaintiff also states that the waiver was improper because it was not witnessed by a notary public or any other party. *Id.* at ¶¶ 18-21.

After initially denying her request for benefits, Ms. Burns received a letter from Defendant Matthew Hutcheson, the Plan fiduciary, a position he was appointed to on March 16, 2007. In that letter, Hutcheson informed Ms. Burns that her late husband's interest in the Plan would not be given to her. *See* March 16, 2007 letter [DE 14-3]. Instead, they would be dispersed to his three children from a prior marriage, including to Defendant Richard Burns, Jr. *Id.* Plaintiff sought a review of this decision, which Hutcheson denied on September 18, 2007. Am. Comp. [DE 14] at ¶ 27. A further appeal resulted in yet another denial, on March 21, 2008, thereby exhausting Plaintiff's administrative remedies. *Id.* at ¶ 28. This lawsuit – filed against the Orthotek Pension Plan, the Plan fiduciary Hutcheson, and Richard Burns, Jr. – followed.

Defendants responded to the lawsuit with the present Motion to Dismiss. The parties are in agreement that the claim alleging the wrongful denial of benefits brought against the Plan must go forward. What is before the Court is Defendants' Motion to Dismiss the wrongful denial of benefits claim against all Defendants except for the Plan and her breach of fiduciary

duty claim against all Defendants.[1]  Defendants assert that the Plan is the only appropriate defendant in a wrongful denial of benefits claim.  They also contend that Plaintiff's breach of fiduciary duty claim must be dismissed because it is duplicative of her wrongful denial of benefits claim.  *See* Brief in Support of Motion to Dismiss [DE 21] at 4-10.

## II.  DISCUSSION

The minimum requirements for pleading a claim for relief are contained in Rule 8.  That Rule requires, in pertinent part, "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. Pro. 8(a)(2).  Rule 12(b)(6), on the other hand, authorizes the dismissal of a complaint if it fails to state a claim upon which relief can be granted.

In 2007, the Supreme Court retooled its interpretation of the pleading standards in the context of a motion to dismiss.  *See Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007).  Prior to *Bell Atlantic* the standard had basically remained static for nearly fifty years.  In *Bell Atlantic*, the Court stated that the "plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Id*. at 1964-65 (brackets omitted).  Instead, the Court held that the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level."  *Id*. at 1965.  In so holding, *Bell Atlantic* retired the oft-quoted statement from *Conley v. Gibson*, 355 U.S. 41 (1957), that a complaint survives a motion to dismiss "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Bell Atlantic*, 127 S.Ct. at 1968 (quoting *Conley*, 355 U.S. at 45-46).

---

[1] Defendant Richard Burns, Jr. filed a separate Motion to Dismiss and adopted and incorporated in total the initial and reply briefs filed by the other defendants.  Burns, Jr.'s Mot. to Dismiss [DE 20] ¶ 5; Burns Jr.'s Reply [DE 24], ¶ 4. He has thus satisfied any requirements set forth by Local Rule 7.1(b), which calls for a supporting brief to be filed along with a motion to dismiss.

*See also Tamayo v. Blagojevich*, 526 F.3d 1074, 1082-83 (7th Cir. 2008); *Limestone Dev. Corp. v. Vill. of Lemont, Ill.*, 520 F.3d 797, 803 (7th Cir. 2008).

The Seventh Circuit has cautioned courts not to "overread" *Bell Atlantic*. *See Limestone*, 520 F.3d at 803. *See also Tamayo*, 526 F.3d at 1082. *Bell Atlantic* essentially "impose[s] two easy-to-clear hurdles." *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007). "First, the complaint must describe the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Id.* (quotation marks and ellipses omitted). "Second, its allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level." *Id.* (quotation marks omitted).

**A.     Proper Defendant for Claim of Wrongful Denial Of Benefits**

ERISA was created to enact safeguards with respect to the establishment, operation, and administration of employee benefit plans. 29 U.S.C. § 1001(a); *Great-West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 209 (2002) (internal citations and quotations omitted). An ERISA plan holds assets "for the exclusive purposes of providing benefits to participants in the plan and their beneficiaries and defraying reasonable expenses of administering the plan." *Boggs v. Boggs,* 520 U.S. 833, 845-46 (1997).

As an initial matter, Plaintiff's wrongful denial of benefits claims against Defendants Matthew D. Hutcheson LLC, Matthew D. Hutcheson, and Richard Burns, Jr. – to the extent they were even set forth in the Complaint in the first place – must be dismissed. Under § 502(a)(1)(B), "[A] civil action may be brought by a participant or beneficiary ... to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." A claim for benefits under

4

this section of ERISA "generally is limited to a suit against the Plan." *See Blickenstaff v. R.R. Donnelley & Sons Co. Short Term Disability Plan,* 378 F.3d 669, 674 (7th Cir. 2004); *Neuma, Inc. v. AMP, Inc.,* 259 F.3d 864, 872 n. 4 (7th Cir. 2001) ("We continually have noted that 'ERISA permits suits to recover benefits only against the Plan as an entity.") (quoting *Jass v. Prudential Health Care Plan, Inc.,* 88 F.3d 1482, 1490 (7th Cir.1996)); *Rordan v. Commonwealth Edison Co.,* 128 F.3d 549, 551 (7th Cir. 1997); *see also*, 29 U.S.C. § 1132(d)(2) ("Any money judgment under this subchapter against an employee benefit plan shall be enforceable only against the plan as an entity and shall not bee enforceable against any other person unless liability against such person is established in his individual capacity under this subchapter."). Although her Complaint was vague enough to prompt the Defendants to raise the issue in their motions to dismiss, Plaintiff has since clarified her position and conceded that the Plan is the only appropriate defendant for her wrongful denial of benefits claim. Pl.'s Response [DE 22] at 3.

**B.     Breach of Fiduciary Duty**

Defendants Matthew D. Hutcheson LLC, Matthew D. Hutcheson, the Plan, and Richard Burns, Jr. also move to dismiss Ms. Burns' breach of fiduciary duty claim for failure to state a claim upon which relief can be granted. It is unclear whether Ms. Burns is bringing her breach of fiduciary duty claim under ERISA § 502(a)(2) or (a)(3). As will be explained, however, her claim fails under either provision.

ERISA § 502(a)(2) states that "[a] civil action may be brought by ... a participant ... for appropriate relief under section 409 of this title." 29 U.S.C. § 1132(a)(2). § 409, in turn, provides that a fiduciary of the plan who breaches his duty "shall be personally liable to make good to

5

such plan any losses to the plan resulting from each such breach ..." 29 U.S.C. § 1109. Relief under this section must go to the plan as a whole, not to individual beneficiaries. *Plumb v. Fluid Pump Service, Inc.*, 124 F.3d 849, 863 (7th Cir. 1997). ERISA § 502(a)(3) also allows for claims against fiduciaries, but in contrast to § 502(a)(2), it also allows for individual relief.

The majority of Ms. Burns' prayer for relief seeks what is an individual remedy for the benefits she believes she has coming to her: an order directing the plan to pay her benefits, an order that she is the sole beneficiary, an order that she never waived her rights, and a declaration that her benefits have vested. Am. Complaint [DE 14], ¶¶ a-d. In other words, it is a classic § 502(a)(1)(B) claim for denied benefits. Ms. Burns tries to avoid dismissal of her fiduciary duty claim by hanging her hat on her last request, where she asks for reimbursement to her deceased husband's account in the amount of damages incurred by Defendants' breach of fiduciary duty. *Id*. at e. Yet the only thing that she points to that was caused by the alleged breach of fiduciary duty is the money spent by Defendants in defending their decision to deny her the benefits in the first place. Pl.'s Response [DE 22] at 6-7.

Ms. Burns points to no authority for the proposition that a plan or fiduciary's defense of its own benefits decision can amount to a breach of fiduciary duty. Indeed, if her theory holds water then every single denial of benefits claim would be rightfully accompanied by a breach of fiduciary duty claim. That's not sensible. After all, administrative remedies must be exhausted before filing suit to challenge a denial of benefits, *see Ruttenberg v. U.S. Life Ins. Co.*, 413 F.3d 652, 662 (7th Cir. 2005), and so there is a certain amount of inherent expense built into any claims handling procedure. Of course, any litigation (such as this one) addressing challenges after the exhaustion of those remedies only adds to the costs. While Ms. Burns might disagree

6

with Defendants' initial denial of her benefits request, she alleges no facts suggesting that their defense of that decision was done in a more costly manner than any other claims decision that they must defend. In her opposition to the motion to dismiss, Ms. Burns describes the Defendants' breach of fiduciary duty as "causing the Plan to incur costs in the wrongful denial." Pl.'s Response [DE 22] at 6. She does not provide any indication as to how Defendants' may have taxed the plan for costs beyond the sort incurred for any run of the mill administrative appeal to a decision denying benefits.

Why would automatic "cost-of-defense" fiduciary duty claims be an unacceptable result of every denial of benefits? Because ERISA already creates a remedy for injuries inextricably tied to the denial of benefits. That remedy is a claim under § 502(a)(1)(B). *See Varity Corp. v. Howe*, 516 U.S. 489, 512 (1996). Furthermore, ERISA caselaw is built on the understanding that ERISA is "a comprehensive and reticulated statute, the product of a decade of congressional study" in which Congress precisely laid out defined avenues of relief for separate injuries. *Mertens v. Hewitt Assoc.*, 508 U.S. 248, 251 (1993) (citation omitted). Because of the "evident care" in which ERISA was crafted, courts have been "reluctant to tamper with the enforcement scheme embodied in the statute." *Massachusetts Mut. Life. Ins. Co. v. Russel*, 473 U.S. 134, 147 (1985). For this reason, the Supreme Court in *Varity* held that a plaintiff may not bring both a § 502(a)(3) claim for breach of fiduciary duty and a § 502(a)(1)(B) claim for wrongful denial of benefits. Such claims are duplicative and, as a result, relief under a breach of fiduciary duty theory is foreclosed.

Several circuits and district judges have interpreted the Supreme Court's statement to mean that a claim for equitable relief under § 1132(a)(3) must be dismissed if relief may be

7

obtained under § 1132(a)(1)(B). *Korotynska v. Metro. Life Ins. Co.,* 474 F.3d 101, 106 (4th Cir.2006) (noting that most circuit courts have interpreted *Varity* to hold that a claimant whose injury creates a cause of action under § 502(a)(1)(B) may not proceed with a claim under § 502(a)(3))(collecting cases); *Rice v. Humana Ins. Co.*, 2007 WL 1655285, * 3 (N.D. Ill. June 4,2007) (citing *Heroux v. Humana Ins. Co.,* No. 2005 WL 1377854, * 4 (N.D.Ill. June 8, 2005) (Lefkow, J.) (collecting cases); *Erikson v. Ungaretti & Harris-Exclusive Provider Plan,* No. 2003 WL 22836462, *2 (N.D.Ill. Nov. 24, 2003) (Aspen, J.) (collecting cases);

One of the main rationals justifying this sharp demarcation between § 502(a)(1)(B) claims and § 502(a)(3) claims is that the latter provision calls for "appropriate" equitable relief. This term has been construed to mean that Congress did not provide additional remedies for the same injury where an adequate one was already provided. *Varity*, 516 U.S. at 515. Though *Varity* was addressing a duplicative claim asserted under § 502(a)(3), the words "appropriate relief" are also found in § 502(a)(2). The same term, found in the same statute, should be given the same meaning. *See Barnhill v. Johnson*, 503 U.S. 393, 406 (1992). Thus, if the availability of a denial of benefits remedy is enough to make a § 502(a)(3) claim not "appropriate," the same should hold true for a § 502(a)(2) claim. *See accord, LaRue v. DeWolff, Boberg & Associates, Inc.*, 128 S.Ct. 1020, 1026-27 (2008)(Roberts, C.J., concurring).

What separates Plaintiff's breach of fiduciary duty claim from others allowed to go forward under § 502(a)(2) is that in those other claims, there is some injury done to the plan that is separate and distinct from the denial of benefits. For example, in *Rogers v. Baxter Intern., Inc.*, 521 F.3d 702, 704-05 (7th Cir. 2008), a plaintiff alleged that a plan's fiduciaries improperly encouraged participants to invest company stock that they knew was inflated and overpriced.

8

Other acts for which a fiduciary may be found liable include a failure to disclose material facts affecting the interests of beneficiaries, *see Anweiler v. Am. Elec. Power Serv. Corp.*, 3 F.3d 986, 991 (7th Cir. 1993); failing to exercise due care in hiring, retaining, or training non-fiduciary agents, *see Schmidt v. Sheet Metal Workers' Nat'l Pension Fund*, 128 F.3d 541, 548 (7th Cir. 1997); or a fiduciary's unilateral awarding of salary raises to the fiduciary himself or his family members, *see LaScala v. Srufari,* 479 F.3d 213, 221 (2nd Cir. 2007). In those cases, the harm could be done with or without an accompanying denial of benefits. In Plaintiff's case, her alleged injury came solely because of the fiduciary's denial of her benefits.

Plaintiff contends that due to the Supreme Court's recent decision in *LaRue*, she should be allowed to bring both a claim for breach of fiduciary duty and wrongful denial of benefits. Pl. R. at 8-12. In *LaRue*, the plaintiff brought a § 502(a)(2) fiduciary breach action against his former employer when it failed to follow his investment instruction and "depleted his interest in the Plan approximately $150,000." *Id.* at 1023. He did not seek any money or payment of benefits; he asked only that his account be made to properly reflect what would have been his plan interest but for the fiduciary breach. *Id*. Plaintiff latches on to the Supreme Court's statement that § 502(a)(2) "does authorize recovery for fiduciary breaches that impair the value of plan assets in a participant's individual account." *LaRue*, 128 S.Ct. at 1024. However, the Court prefaced that very sentence by making clear that "§ 502(a)(2) does not provide a remedy for individual injuries distinct from plan injuries . . ." *Id*. at 1026.

The point of the *LaRue* holding was to make clear that just because a plaintiff is seeking to redress a harm done to his individual account, he is not foreclosed from pursuing § 502(a)(2) relief, despite the fact that § 502(a)(2) claims may only be brought on behalf of a plan.

9

Significantly though, as Chief Justice Roberts noted in his concurring opinion, the *LaRue* plaintiff did ***not*** pursue a § 502(a)(1)(B) claim. *Id*. at 1026. As a result, the question is left open as to whether a plaintiff may bring an individual claim under § 502(a)(2) when a § 502(a)(1)(B) claim is available to him to address the same harms. *Id*. at 1026-27. Here, § 502(a)(1)(B) was not only available to Plaintiff, she's actually pursuing it in her complaint. As further proof that Plaintiff is attempting to disguise and repackage her wrongful denial of benefits claim, I would note that Plaintiff is seeking reimbursement to a single account, the same account she is seeking to access in her § 502(a)(1)(B) claim. But her theorized injury, the defense-of-decision costs incurred by the fiduciaries, would affect the plan as a whole, and each account would be diminished equally. In contrast, the injury raised by the *LaRue* plaintiff affected only his account. Plaintiff's reliance on *LaRue* is therefore misplaced.

To the extent that Plaintiff is alleging breaches of fiduciary duties beyond the defense-of-decision costs, they are impossible to decipher from the complaint. Plaintiff provided supplementary authority in the form of *Kennedy v. Plan Administrator for Dupont Savings and Investment Plan*, __ U.S. __, 129 S.Ct. 865 (2009), decided on January 26, 2009. The Court in *Kennedy* stated that "the plan administrator is obliged to act in accordance with the documents and instruments governing the plan . . .and the act provides no exemption from this duty when it comes time to pay benefits." *Id*. at 875. This is merely a recitation of the fiduciary duties listed in 29 U.S.C. § 1104, specifically subsection 1104(a)(1)(D). The issue raised by the *Kennedy* case was whether an attempted waiver of benefits was valid in light of its non-conformity with the plan documents. *Id*. The opinion does not discuss *LaRue* or whether a breach of fiduciary duty claim arises when the relief may be sought under § 502(a)(1)(B). Indeed, in *Kennedy*, the

10

only section invoked by the plaintiff was § 502(a)(1)(B). It si true that under *Kennedy*, Plaintiff may use the Orthotek plan's governing documents to show why her waiver was invalid and she is owed her ex-husband's benefits under § 502(a)(1)(B). But she cannot use it to justify a breach of fiduciary duty claim when she has a perfectly good wrongful denial of benefits claim at her disposal that she is, in fact, pursuing with vigor.

### III. CONCLUSION

For the foregoing reasons, Defendants' Motions to Dismiss [DE 19, DE 20] are **GRANTED**. Accordingly, Plaintiff's wrongful denial of benefits claim as to Matthew D. Hutcheson, Matthew D. Hutcheson LLC, and Richard Burns, Jr., and Plaintiff's breach of fiduciary duty claim as to all Defendant are hereby **DISMISSED.**

**SO ORDERED**.

ENTERED: March 11, 2009

s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT