UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| CHERYL BURNS, | ) |
| Plaintiff, | ) |
| v. | ) NO. 3:08-CV-190-PS |
| ORTHOTEK INC. EMPLOYEES PENSION PLAN AND TRUST, MATTHEW D. HUTCHESON LLC, MATTHEW D. HUTCHESON, RICHARD BURNS, JR. | ) |
| Defendants. | ) |

## OPINION AND ORDER

This matter is before the Court on the Motion for Attorney's Fees and Costs filed by defendants Orthotek Inc. Employees Pension Plan and Trust, Matthew D. Hutcheson LLC, and Matthew D. Hutcheson, pursuant to 29 U.S.C. §1132(g)(1). For the reasons that follow, the Motion is GRANTED IN PART and DENIED IN PART.

### BACKGROUND

Plaintiff Cheryl Burns is the widow of Dr. Richard Burns. Dr. Burns participated in Orthotek Inc.'s Pension Plan, which was governed by ERISA.[1] As his surviving spouse, Mrs. Burns was entitled to survivor's benefits from the Pension Plan under the ERISA statute unless she signed a valid waiver of her rights. Mrs. Burns brought a wrongful denial of benefits claim and a breach of fiduciary duty claim against each defendant: the Pension Plan, Matthew D.

---

[1] The Employee Retirement Income Security Act of 1974, 29 U.S.C. §§1001 *et seq.*

1

Hutcheson, LLC, as independent fiduciary, Matthew D. Hutcheson individually, and Richard Burns, Jr. Defendants moved to dismiss the wrongful denial of benefits claim against all Defendants except for the Pension Plan itself and moved to dismiss the breach of fiduciary duty claims against all Defendants. The motions to dismiss were granted. On the remaining wrongful denial of benefits claim against the Pension Plan, both parties sought summary judgment. The Pension Plan's motion for summary judgment was granted, and Mrs. Burns' motion was denied.

The defendants (other than Richard Burns, Jr.) have now moved for attorney's fees and costs pursuant to Rule 54(d) of the Federal Rules of Civil Procedure, Local Rule 54.1, and 29 U.S.C. § 1132(g)(1). They seek $48,627.08 in attorney's fees and $686.87 in costs. Because I find that Mrs. Burns was substantially justified in some respects but not in others, for the reasons discussed below, I am reducing the award of attorney's fees to $16,949.00.

## DISCUSSION

The Court, in its discretion, may allow reasonable attorney's fees and costs of action to either party in an action brought by a participant, beneficiary, or fiduciary under ERISA. 29 U.S.C. § 1132(g)(1) (2006). There is a modest presumption in favor of awarding attorney's fees and costs to the prevailing party, however, that presumption may be rebutted. *Bowerman v. Wal-Mart Stores, Inc.*, 226 F.3d 574, 592 (7th Cir. 2000). In determining whether to grant a party attorney's fees and costs under 29 U.S.C. § 1132(g)(1), the Seventh Circuit applies two different tests. *Id.* at 592-593. The first test assesses the following five factors: (1) the degree of the offending party's culpability or bad faith; (2) the ability of the offending party to satisfy personally an award of attorney's fees; (3) whether an award of attorney's fees would deter other persons acting under similar circumstances; (4) the amount of benefit conferred on members of

the plan as a whole; and (5) the relative merits of the parties' positions. *Id.* The second test assesses whether or not the losing party's position was "substantially justified." *Id.* at 593. Regardless of which test is used, the same essential question is asked: was the losing party's position substantially justified and taken in good faith, or was that party simply out to harass its opponent? *Id.*

Mrs. Burns' complaint can be separated into two sets of claims: those that were addressed during the motion to dismiss phase of the case and the remaining claims which were dealt with on summary judgment. In applying the two different tests used in the Seventh Circuit, I think it is helpful to distinguish these two sets of claims. This is because Mrs. Burns' position on the motion to dismiss claims lacked any merit. By contrast, her position on the summary judgment claim was substantially justified. Therefore, this Court will award attorney's fees in part and deny them in part.

Mrs. Burns' position in regards to the motion to dismiss claims was not substantially justified. The Plan wrote to Mrs. Burns' counsel, laid out the legal reasons why the claims were certain to fail, and requested that they be withdrawn to avoid unnecessary costs. Mrs. Burns disregarded this request and proceeded with her litigation. Then, during briefing on the motion to dismiss, Mrs. Burns conceded many of the points raised by the Defendants. *See* Order on Motion to Dismiss at 5 [DE 26]. Mrs. Burns brought these unreasonable claims despite her knowledge of their inability to succeed. Her actions forced the Defendants to file motions to dismiss. The Defendants relied on the same legal basis in their motion to dismiss that they previously raised in their letter to Mrs. Burns's counsel, and they prevailed.

3

Furthermore, there is no indication that Mrs. Burns is unable to personally satisfy an award of attorney's fees. She has not claimed to lack the means to satisfy an award of attorney's fees, nor has she provided the Court with an affidavit as to her resources. She merely says that her financial situation is not the same since Dr. Burns died and she had to sell her Florida home. This is insufficient to establish her inability to satisfy an award of attorney's fees.  Mrs. Burns does not contend that the amounts of fees and costs sought are excessive or otherwise improper. Awarding attorney's fees incurred from the motion to dismiss claims would deter future claimants from adding frivolous claims that are not supported by any authority in an attempt to strengthen their case. I therefore conclude that Mrs. Burns' position regarding the dismissed claims was not substantially justified, and that an award of attorney's fees incurred from the dismissed claims is warranted.

Mrs. Burns' position in regards to the summary judgment claim – the wrongful denial of benefits claim against the Plan – was substantially justified and taken in good faith. Unlike the motion to dismiss claims, Mrs. Burns had authority with which to support her position. The ERISA statute sets forth requirements and one of those requirements was not met. Under the Plan, the surviving spouse is entitled to benefits unless he or she signed a waiver. Mrs. Burns does not remember signing a waiver and the waiver form failed to comply with ERISA requirements because her signature was not witnessed by a plan representative or a notary public. Mrs. Burns proceeded on an arguable legal theory that she was entitled to the benefits.

The fact that there is no case law with analogous facts also supports Mrs. Burns' position in bringing this claim. She did not know what outcome to expect since she had no analogous cases to rely on. It is highly unlikely that awarding attorney's fees for the wrongful denial of

benefits claim against the Plan would deter others in similar circumstances. Mrs. Burns exhausted her administrative remedies and believed she was the rightful beneficiary. Her only option was to bring suit against the Plan to determine whether or not she was entitled to survivor's benefits. Her wrongful denial of benefits claim against the Plan was taken in good faith and was not taken merely in an attempt to harass the Plan. Therefore, Mrs. Burns' position pertaining to the summary jugment claim was substantially justified and an award of attorney's fees is denied in regards to this claim.

This Court grants attorney's fees in part and denies them in part. Movants will be awarded attorney's fees for the frivolous motion to dismiss claims and will be denied attorney's fees for the wrongful denial of benefits claim against the Plan. This Court has carefully assessed the billing sheets provided by defendants' attorneys and has meticulously determined to the best of its ability how much time and money was spent on the motion to dismiss claims. The results are illustrated in the table below.

|  | Rate per hour | Number of Hours | Attorney's Fees |
|---|---|---|---|
| Brian E. Casey - in 2009 | $350 | 1.15 hours | $402.50 |
| Brian E. Casey - in 2008 | $325 | 36.7 hours | $11,927.50 |
| Kelly J. Hartzler | $230 | 1.7 hours | $391.00 |
| Eric R. Thompson | $140 | 30.2 hours | $4228.00 |
| TOTALS |  | 69.75 hours | $16, 949.00 |

Thus, the total amount of attorney's fees incurred from the motion to dismiss claims is $16,949.00.

As the prevailing parties, movants also request an award of $686.87 in costs pursuant to 29 U.S.C. 1132(g)(1). Under this statute, the Court has discretion to allow reasonable attorney's

fees and costs of action to either party. The Court has a broader discretion in awarding fees and costs under fee shifting provisions such as 29 U.S.C. § 1132(g)(1) of ERISA than under the narrower scope of Rule 54(d) and 28 U.S.C. § 1920. *See Grove v. Wells Fargo Fin. Cal.*, 606 F.3d 577, 580-581 (9th Cir. 2010); *Trustees of Constr. Indus. & Laborers Health & Welfare Trust v. Redland Ins. Co.*, 460 F.3d 1253, 1257-1259 (9th Cir. 2006). Expenses that fall outside the scope of § 1920 may be awarded under such fee shifting provisions. *See Redland Ins. Co.*, 460 F.3d at 1257-1259; *Grove*, 606 F.3d at 580-581; *Pasternak v. Radek*, 2008 WL 2788551 (N.D.Ill. April 3, 2008). The expenses incurred by the Plan consisted of online legal research costs totaling $658.00, copying charges totaling $26.55 and filing charges totaling $2.32. The relatively small amount of costs requested is reasonable in light of the litigation that occurred. Given the modest presumption in favor of awarding such costs to the prevailing party, this Court grants movants an award of $686.87 in costs.

## CONCLUSION

For the reasons stated, the Motion for Attorney's Fees and Costs filed by Defendants Orthotek Inc. Employees Pension Plan and Trust, Matthew D. Hutcheson LLC, and Matthew D. Hutcheson [DE 59] is GRANTED IN PART and DENIED IN PART. These defendants are awarded attorney's fees of $16,949.00 and costs of $686.87, which shall be deemed included in the judgment.

**SO ORDERED**.

ENTERED: July 15, 2010

    s/ Philip P. Simon
CHIEF JUDGE
UNITED STATES DISTRICT COURT